UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUADRATEC, INC.<br>1028 Saunders Ln.<br>West Chester, PA 19380<br><br>*Plaintiff*<br><br>v.<br><br>TURN 5, INC. d/b/a EXTREME TERRAIN<br>7 Lee Blvd.<br>Malvern, PA 19355<br><br>*Defendant* | Civil Action No.<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff, Quadratec, Inc. ("Quadratec"), by and through its attorneys, RatnerPrestia, for its complaint against Defendant, Turn 5, Inc., d/b/a Extreme Terrain (collectively hereafter "Turn 5"), alleges upon knowledge as to itself and otherwise upon information and belief as follows:

## INTRODUCTION

1.      This lawsuit arises out of the systematic, reckless and willful misappropriation by Defendant Turn 5, of Quadratec's original and premium product presentations of aftermarket Jeep® products and accessories ("Quadratec Product Presentations"), and Defendant's use of such presentations to advertise and sell products in direct competition with Quadratec. This lawsuit also arises out of Defendant's acts of false product advertising, namely the use of false descriptions regarding the nature, characteristics, and quality of the products it offers for sale and sell to the public, in direct competition with Quadratec.

2. Rather than creating its own product presentations, in many instances, Turn 5 simply takes a free ride on Quadratec's significant industry knowledge, creative expertise, talent, and advertising efforts, by copying Quadratec's Product Presentations and using them to advertise and sell the identical products on its website www.extremeterrain.com. In other instances, Turn 5 lures customers into purchasing its products by materially misrepresenting the characteristics and quality of the material used in such products.

3. The purpose of this lawsuit, therefore, is to seek damages and injunctive relief to stop these wrongful acts of fraud and deceit, and to require Turn5 to review its product presentation inventory, which has grown into a tangled myriad of misappropriated photographs and copy amidst thousands of product presentations, and to require Turn 5 to use only those presentations for which they have the right to use, via license or otherwise. Unless Turn 5 is enjoined from such misappropriation and required to excise from its product presentation inventory all misappropriated materials, Quadratec will continue to suffer substantial and irreparable harm in the fair market place. If enjoined, however, Turn 5 stands only to lose from its illegitimate gains in free riding on Quadratec's --and perhaps others'—substantial investment, labor and expertise.

## THE PARTIES

4. Quadratec is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 1028 Saunders Ln., West Chester, PA.

5. Defendant Turn 5 is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 7 Lee Blvd., Malvern, PA.

6.     Among other business interests, Turn 5 does business as "Extreme Terrain" via the website [www.extremeterrain.com](www.extremeterrain.com).

## JURISDICTION AND VENUE

7.     This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.,* for unfair competition and false advertising under the Lanham Act, 15 U.S.C. § 1125, and for common law misappropriation, fraud, unjust enrichment, and false advertising. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a), and § 1367.

8.     This Court has personal jurisdiction over Turn 5, which resides in this judicial district, has transacted and continues to transact business in this judicial district, and has sufficient minimum contacts with this judicial district for the Court to exercise personal jurisdiction over it.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## BACKGROUND

10.    Quadratec and Turn 5 are competitors.  Both are, and have been at all times relevant to the matters alleged in this Complaint, engaged in the business of selling and offering for sale a full range of removable soft tops and other aftermarket parts and accessories for Jeep® branded vehicles such as the Wrangler, and historic Jeep® models such as the CJ-7, CJ-5 and others.

11.    Founded in 1990, Plaintiff, Quadratec Inc. has become the world's leading independently owned supplier of such products in this niche market.

12.    Since its inception, Quadratec has advertised its products to Jeep® enthusiasts and owners through a combination of magazine advertisements and direct mailed print catalogs.

13.     In 1995, Quadratec launched its website, www.quadratec.com, as an additional channel to offer products for sale.

14.     To provide a premium product presentation to its customers and potential customers, Quadratec invests and has invested substantial financial and human resources to create tens of thousands of unique photographs of the products it sells.  Quadratec also creates written descriptions for some of those products.

15.     Quadratec's success is due in large part to the substantial investment of time and hard work by its employees, including its photographers, who carefully select the products to be photographed, create and/or decide on the appropriate setting for the photograph, shoot the product, and engage in all required post-production tasks to select and implement a photograph to represent the product for sale in its catalogue and on its website, together with descriptive text.

16.     Quadratec's unique and creative product presentations, reflected in part by its original product photography, differentiate it from all of its competitors in the automotive aftermarket.

17.     The value of Quadratec Product Presentations lies in the quality and selection of the photographs and text associated with the product offerings to its customers.  This visual product presentation is often the only exposure to the product that the customer sees in deciding whether to make a purchase, and is a vital component of a potential customer's purchasing decision.

18.     Quadratec's Product Presentations, therefore, constitute proprietary and economically valuable material that is intended to cast the product in the best light possible to assist its customers and potential customers in making purchase decisions.

19. The quality and unique nature of Quadratec's Product Presentations also provides Quadratec with an important competitive advantage, and provides a means to maintain its customer base and attract new customers.

20. Quadratec is the owner of all right, title and interest in thousands of original photographs, and text created to advertise its products.

21. Defendant Turn 5, via its commercial website www.extremeterrain.com and through its catalogues, offers for sale largely the same aftermarket Jeep® products as Quadratec.

22. Upon information and belief, Defendant and/or its predecessor-in-interest, launched the www.extremeterrain.com website in August 2000.

23. Without the authority of Plaintiff, Defendant has copied Quadratec's proprietary photographs, and used them to advertise products for sale in its catalogue and via is website.

24. By letter dated December 4, 2012, Quadratec put Defendant on notice of its unauthorized use of Quadratec's intellectual property and requested immediate discontinuation of any and all use of such property in any and all of its marketing channels. The December 4 letter also included three examples of clear violations by Defendant.

25. Defendant responded by letter dated December 11, 2012, confirming that it had removed the images Quadratec supplied from its website, and representing that it had conducted a comprehensive audit of its digital assets to confirm that Extreme Terrain was not using any additional images which may belong to Quadratec.

26. Upon information and belief, Defendant did not undertake the comprehensive audit as stated in its December 11, 2012 letter.

27. Despite Defendant's representation that it had conducted a comprehensive audit to confirm that it was no longer using Quadratec's images, Quadratec discovered several additional

5

unauthorized uses of its intellectual property by Defendant in early 2013, and reported those additional violations through counsel via letter dated March 29, 2013.  See Exhibit A.

28.    On April 2, 2013, Quadratec found yet another offending image on Defendant's Facebook page (hereafter "April 2 Infraction").  Below is Quadratec's original photograph followed by Defendant's infringing copy:

**Quadratec Original**



**Defendant's Infringing Copy**



29. In the April 2 infraction, not only did Defendant willfully and knowingly copy a Quadratec image for its own promotion and commercial benefit, but superimposed its "Extreme Terrain" brand on Quadratec's image, claiming it as its own.

30. On October 15, 2013, Quadratec discovered seven additional unauthorized uses of its intellectual property by Turn 5. More specifically, Turn 5 copied seven original Quadratec photographs that Quadratec uses to promote and sell Seat Armour™ Towels, and is using them on the ExtremeTerrain website to promote and sell the identical products.

31. One of the products Defendant Turn 5 markets and promotes is a Barricade Replacement Soft Top w/Door Skins, Black Diamond, Item #J4004 (hereafter "Barricade Soft Top").

32. Quadratec's Quadratop products compete directly with Defendant's Barricade Soft Top.

33. Defendant Turn 5 markets and promotes its Barricade Soft Top products by claiming that they exceed OEM standards and are made from Black diamond sailcloth material.

34. Defendant Turn 5's claims that its Barricade Soft Top products exceed OEM standards and are made from Black diamond sailcloth material are material misrepresentations of fact intended to mislead consumers into believing that its Barricade Soft Top products are of the same or better quality than competing products, such as Quadratec's Quadratop products.

35. Upon information and belief, Defendant Turn 5's false advertisement of the quality of its Barricade Soft Top products is intended to unfairly influence consumer buying decisions and to defraud consumers who seek to purchase quality replacement soft tops for their vehicles.

36. Defendant Turn 5's willful actions in misrepresenting the nature and quality of its Barricade Soft Top (1) have a likelihood of affecting interstate commerce by deceiving or confusing the public; (2) constitute a false advertisement of goods, and false description of fact; (3) and constitute unfair competition.

## COUNT I
## COPYRIGHT INFRINGEMENT OF COPYRIGHTED WORK I

37. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

38. Quadratec is the owner of all right, title and interest in the copyright of the photograph entitled "Hood Hold Down," registered with the United States Office of Copyright pursuant to 17 U.S.C. § 408 *et seq.*, and assigned Copyright Registration No. VA 1-854-077 (hereinafter "Copyrighted Work I"). Exhibit B is a copy of the Certificate of Registration and the copyrighted photograph.

39. Plaintiff's Copyrighted Work I is an original work of authorship of Plaintiff and is copyrightable subject matter under the laws of the United States.

40. Defendant had access to Plaintiff's Copyrighted Work I, copied it, and published it in its catalogues and on its website.

41. Defendant was not and is not authorized to make copies of Copyrighted Work I.

42. Defendant was not and is not authorized to make derivative works based on Copyrighted Work I.

43. Defendant infringed Plaintiff's Copyrighted Work I, in violation of the Copyright Act, 17 U.S.C.A. § 101 *et seq.*, by copying, reproducing, and publishing it, without the right, license, authority or consent of the Plaintiff.

44. Exhibit C is a portion of page 25 of Defendant's catalogue showing one example of Defendant's infringement of Copyrighted Work I.

45. Defendant has secured an economic benefit from the use and/or publication of Plaintiff's Copyrighted Work I.

46. Defendant knowingly and willfully copied Plaintiff's Copyrighted Work I for the purpose of financial gain.

47. By the acts alleged above, Defendant has caused and will continue to cause harm to Plaintiff.

48. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws, 17 U.S.C. § 101 *et seq*.

49. Pursuant to 17 U.S.C. § 503, Plaintiff is entitled to the seizure and impounding by the Court of all copies made or used in violation of the Plaintiff's exclusive rights as alleged herein, and of all other articles by means of which such copies may be reproduced by Defendant.

50. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to all damages sustained as a result of Defendants' infringement and all Defendant's profits resulting from said infringement.

51. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to an award of statutory damages.

52. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recovery of full costs and a reasonable attorney's fee for the prosecution of this action.

## COUNT II
## COPYRIGHT INFRINGEMENT OF COPYRIGHTED WORK II

53. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

54. Quadratec is the owner of all right, title and interest in the copyright of a collection of thousands of photographs and text used on its website, entitled "Quadratec Website," registered with the United States Office of Copyright pursuant to 17 U.S.C. § 408 *et seq.*, and assigned Copyright Registration No. VAu 1-143-820 (hereinafter "Copyrighted Work II"). Exhibit D is a copy of the Certificate of Registration.

55. Plaintiff's Copyrighted Work II is an original work of authorship of Plaintiff and is copyrightable subject matter under the laws of the United States.

56. Defendant had access to Plaintiff's Copyrighted Work II, copied it, in part or in total, and published it, in part or in total, in its catalogues and on its website.

57. Defendant was not and is not authorized to make copies of any portion of Copyrighted Work II.

58. Defendant was not and is not authorized to make derivative works based on any portion of Copyrighted Work II.

59. Defendant has infringed and continues to infringe Plaintiff's Copyrighted Work II, in violation of the Copyright Act, 17 U.S.C.A. § 101 *et seq.*, by copying, reproducing, and publishing it, or portions thereof, without the right, license, authority or consent of the Plaintiff.

60. Defendant has secured an economic benefit from the use and/or publication of Plaintiff's Copyrighted Work II, or portions thereof.

61. Defendant knowingly and willfully copied Plaintiff's Copyrighted Work II, or portions thereof, for the purpose of financial gain.

62. By the acts alleged above, Defendant has caused and will continue to cause harm to Plaintiff.

63. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws, 17 U.S.C. § 101 *et seq.*

64. Pursuant to 17 U.S.C. § 503, Plaintiff is entitled to the seizure and impounding by the Court of all copies made or used in violation of the Plaintiff's exclusive rights as alleged herein, and of all other articles by means of which such copies may be reproduced by Defendant.

65. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to all damages sustained as a result of Defendants' infringement and all Defendant's profits resulting from said infringement.

66. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to an award of statutory damages.

67. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recovery of full costs and a reasonable attorney's fee for the prosecution of this action.

## COUNT III
## COPYRIGHT INFRINGEMENT OF COPYRIGHTED WORK III

68. Plaintiff re-alleges paragraphs 1-9 as if fully set forth herein.

69. Quadratec is the owner of all right, title and interest in the copyright of a collection of photographs and text used on its website, entitled "Quadratec Website," registered with the United States Office of Copyright pursuant to 17 U.S.C. § 408 *et seq.*, and assigned

Copyright Registration No. VAu 1-144-356 (hereinafter "Copyrighted Work III"). Exhibit E is a copy of the Certificate of Registration and the registered work.

70. Plaintiff's Copyrighted Work III is an original work of authorship of Plaintiff and is copyrightable subject matter under the laws of the United States.

71. Defendant had access to Plaintiff's Copyrighted Work III, copied it, in part or in total, and published it, in part or in total, in its catalogues and on its website.

72. Defendant was not and is not authorized to make copies of any portion of Copyrighted Work III.

73. Defendant was not and is not authorized to make derivative works based on any portion of Copyrighted Work III.

74. Defendant has infringed and continues to infringe Plaintiff's Copyrighted Work III, in violation of the Copyright Act, 17 U.S.C.A. § 101 *et seq.*, by copying, reproducing, and publishing it, or portions thereof, without the right, license, authority or consent of the Plaintiff.

75. Defendant has secured an economic benefit from the use and/or publication of Plaintiff's Copyrighted Work III, or portions thereof.

76. Defendant knowingly and willfully copied Plaintiff's Copyrighted Work III, or portions thereof, for the purpose of financial gain.

77. By the acts alleged above, Defendant has caused and will continue to cause harm to Plaintiff.

78. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction restraining Defendant, its officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws, 17 U.S.C. § 101 *et seq*.

79. Pursuant to 17 U.S.C. § 503, Plaintiff is entitled to the seizure and impounding by the Court of all copies made or used in violation of the Plaintiff's exclusive rights as alleged herein, and of all other articles by means of which such copies may be reproduced by Defendant.

80. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to all damages sustained as a result of Defendants' infringement and all Defendant's profits resulting from said infringement.

81. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is entitled to an award of statutory damages.

82. Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to recovery of full costs and a reasonable attorney's fee for the prosecution of this action.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

83. Plaintiff re-alleges paragraphs 1-36 as if fully set forth herein.

84. Defendants' unauthorized use of Quadratec's Product Presentations, proprietary photographs, and original text of plaintiff, to sell products in direct competition with Plaintiff, including but not limited to superimposing its "EXTREME TERRAIN" brand on Plaintiff's original photos, constitutes unfair competition and thereby violates 15 U.S.C. § 1125(a)(l) in that defendant is using in commerce a combination of words, terms, names, symbols and images and a false or misleading representation of fact, which is likely to cause confusion or to cause mistake or to deceive as to the affiliation, connection or association of Turn 5 with Quadratec, or as to the origin of Turn 5's goods and services, or as to the sponsorship or approval of Turn 5's goods and services, or commercial activities by Quadratec, or conversely, as to the origin of Quadratec's goods and services, or as to the sponsorship or approval of Quadratec's goods and services or commercial activities by Turn 5.

## COUNT V
## FALSE ADVERTISING AND UNFAIR COMPETITION UNDER THE LANHAM ACT

85. Plaintiff re-alleges paragraph 1-36, and 83-84 as if fully set forth herein.

86. Defendant Turn 5's use of false claims to promote, market and sell its Barricade Soft Top products in competition with Quadratec's Quadratop products in interstate commerce, constitutes false advertising and unfair competition pursuant to 15 U.S.C. § 1125(a), and has caused and will continue to cause harm to the Plaintiff.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION BY MISSAPPROPRIATION

87. Plaintiff re-alleges paragraph 1-36, and 83-86 as if fully set forth herein.

88. Defendant has violated Pennsylvania common law of misappropriation by convening Plaintiff's proprietary business information to defendant's use, and using such information to advertise and sell products, and profit therefrom, in direct competition with the Plaintiff, causing harm to the Plaintiff.

## COUNT VII
## COMMON LAW FAUD

89. Plaintiff re-alleges paragraphs 1 through 36, and 83-88 as if fully set forth herein.

90. The Defendant has willfully deceived Plaintiff regarding its intent to use, removal of, and its actual use of Quadratec's Product Presentations.

91. Turn 5 willfully deceived Quadratec by representing that it had conducted a comprehensive audit of its digital assets to confirm that it was not using images that may belong Quadratec, when, upon information and belief, it conducted no such audit, causing harm to Plaintiff.

## COUNT VIII
## VIOLATIONS OF THE PENNSYLVANIA DECEPTIVE TRADE PRACTICES ACT

92. Plaintiff re-alleges paragraphs 1 through 36, and 83-91 as if fully set forth herein.

93. Defendant Turn 5's false representation that its products are of a particular standard, quality or grade is a violation of the Pennsylvania Deceptive and Unfair Trade Practices Act and Consumer Protection Law, 73 Pa.C.S.A. §§ 210-1, et seq.

94. As a consequence of such wrongdoing, Plaintiff is entitled to all equitable and legal remedies and damages provided by the Pennsylvania Deceptive and Unfair Trade Practices Act and Consumer Protection Law, including compensatory damages, treble damages, penalties, attorneys' fees, costs and punitive damages, as available.

.

## COUNT IX
## UNJUST ENRICHMENT

95. Plaintiff re-alleges paragraphs 1 through 36, and 83-94 as if fully set forth herein.

96. By the acts complained of herein, in addition to illegally copying and publishing Quadratec's Product Presentations, Defendant used such presentations to advertise, sell and profit from the sale of products and, thereby, received benefits for which it has not paid or earned, at Plaintiff's expense.  This additional act has caused Defendant to be unjustly enriched and has caused harm to the plaintiff.

## JURY DEMAND

Quadratec demands a trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Quadratec respectfully requests that this Court grant the following relief in favor of Quadratec and against Turn 5:

A. That, pursuant to 17 U.S.C. § 502, Defendant and its respective officers, agents, employees and attorneys, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from using, copying, publishing, distributing, or in any way disseminating Quadratec's copyrighted materials.

B. That Quadratec receives any and all remedies available to it under Copyright Law, 17 U.S.C. § 101 *et seq.*, including:

    a. pursuant to 17 U.S.C. § 503, seizure and impounding by the Court of all copies made or used in violation of the Quadratec's exclusive rights as alleged herein, and of all other articles by means of which such copies may be reproduced by Defendant;

    b. pursuant to 17 U.S.C. § 504(b), all damages sustained as a result of Defendants' infringement and all Defendant's profits resulting from said infringement;

    c. pursuant to 17 U.S.C. § 504(c)(2), an award of statutory damages;

    d. pursuant to 17 U.S.C. § 505, recovery of full costs and a reasonable attorney's fee for the prosecution of this action.

C. That Quadratec receives any and all remedies available to it under the Lanham Act, 15 U.S.C. § 1051 *et. seq.* including:

    a. a preliminary and permanent injunction enjoining and prohibiting Defendant Turn 5 from misrepresenting the nature, characteristics, and qualities of its Barricade Soft Top products;

    b. pursuant to 15 U.S.C. § 1117(a), an award of damages in an amount to be determined at trial;

    c. pursuant to 15 U.S.C. § 1117(a), an accounting of defendant's profits as a result of its acts of false advertising;

    d. pursuant to 15 U.S.C. § 1117(a), an award of attorney's fees and costs of the action;

D. That an order be entered:

    a. compelling Defendant to use in its advertising only those photographs, images and text for which it has an expressed right to use, via authorization, license or otherwise;

    b. compelling Defendant to review its product presentations, including the photographs and text it uses to advertise products for sale, and excise from it all materials for which it cannot determine as a matter of fact whether or not it has the right to use, via authorization, license or otherwise.

E. That an order be entered compelling Defendant to account for all gains, profits and advantages derived by the Defendant by the acts complained of herein.

F. That judgment be entered against Defendant in favor of Quadratec for such gains, profits and advantages, and damages Quadratec has sustained as a consequence of Defendant's acts of unfair competition, misappropriation, false advertising, and fraud.

G. An assessment of costs of suit against Defendant, plus prejudgment and post-judgment interest on each and every award, and that judgment be entered against Defendant in favor of Quadratec for such damages, costs, expenses, and interest as Quadratec has incurred in regard to this lawsuit.

H. That Quadratec be reimbursed its reasonable attorney's fees to be fixed by the court.

I. An order requiring Defendant to notify its customers of said injunction and the judgment of this Court.

J. Such other and further relief, in law and in equity, to which Quadratec may be entitled to under the circumstances.

Dated:  November 1, 2013

Robert A. McKinley (ID No. 82538)
RATNERPRESTIA
1325 Westlakes Drive, Suite 301
Berwyn, PA  19312
(610) 407-0700  *(phone)*
(610) 407-0710  *(fax)*
rmckinley@ratnerprestia.com
*Attorneys for Plaintiff*