IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUADRATEC, INC. | ) |
| Plaintiff, | ) ) ) Civil Action No. 2:13-cv-06384-RBS |
| v. | ) ) |
| TURN 5, INC. d/b/a EXTREME TERRAIN | ) ) |
| Defendant. | ) ) |

### ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

Defendant, Turn 5, Inc. d/b/a Extreme Terrain ("**Defendant**" or "**Turn 5**"), through its attorneys, Semanoff Ormsby Greenberg & Torchia, LLC, files its Answer to the Second Amended Complaint, and, in support thereof, pleads as follows:

### INTRODUCTION

1. Denied as stated. Defendant admits only that Plaintiff's Second Amended Complaint asserts claims for misappropriation of images and false product advertising. Defendant denies the remaining allegations of this Paragraph 1 as characterizations of a written document which speaks for itself.

2. Denied as stated. Defendant admits only that it operates a website at the address www.extremeterrain.com. All remaining allegations of Paragraph 2 are hereby denied.

3. Denied as stated. Defendant admits only that Plaintiff seeks damages and injunctive relief. All remaining allegations of Paragraph 3 are hereby denied

### THE PARTIES

4. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 4 and therefore denies this allegation.

1

{00802556;v1 }

5. Admitted.

6. Admitted.

## JURISDICTION AND VENUE

7. Denied. The allegations contained in Paragraph 7 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 7 contains any factual allegations, Defendant denies each and every such factual allegation. By way of further answer, Plaintiff's claim for common law misappropriation was dismissed by this Court's Order and accompanying Memorandum of Law dated August 13, 2015 (ECF Nos. 23, 24).

8. Denied. The allegations contained in Paragraph 8 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 8 contains any factual allegations, Defendant denies each and every such factual allegation.

9. Denied. The allegations contained in Paragraph 9 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 9 contains any factual allegations, Defendant denies each and every such factual allegation.

## BACKGROUND

10. Admitted.

11. Denied. Defendant is without knowledge of the truth or falsity of the year in which Quadratec was founded. The remaining allegations of Paragraph 11 are denied.

12. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 12 and therefore denies this allegation.

13. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 13 and therefore denies this allegation.

14. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 14 and therefore denies this allegation.

15. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 15 and therefore denies this allegation.

16. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 16 and therefore denies this allegation.

17. Denied.

18. Denied.

19. Denied.

20. Denied. Defendant is without knowledge of the truth or falsity of the allegations of Paragraph 20 and therefore denies this allegation.

21. Denied as stated. It is admitted only that Defendant offers similar or the same products as Plaintiff for sale through its website. The remaining allegations of Paragraph 21 are denied.

22. Admitted.

23. Denied.

24. Denied as stated. It is admitted only that Defendant received a cease-and-desist letter from Plaintiff on December 4, 2012. The remaining allegations are characterizations of a writing which speaks for itself, and therefore are denied.

25. Denied as stated. It is admitted only that Defendant's written response was dated December 11, 2012. The remaining allegations are characterizations of a writing which speaks for itself, and therefore are denied.

26. Denied.

27. Denied as stated. It is admitted only that Plaintiff's counsel sent a cease-and-desist letter to Defendant dated March 29, 2013. The remaining allegations, including the characterizations of a writing which speaks for itself, are denied.

28. Denied. The allegations contained in Paragraph 28 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 28 contains any factual allegations, Defendant denies each and every such factual allegation.

29. Denied.

30. Denied as stated. It is admitted only that Defendant placed images on its website showing Seat Armour™ towels that it received from a legitimate source. It is further admitted that Defendant modified its website to remove the Seat Armour™ towel images after October 28, 2013. It is specifically denied that Defendant's use was unauthorized. The remaining allegations of Paragraph 30 are denied.

31. Admitted.

32. Denied.

33. Denied.

34. Denied. The allegations contained in Paragraph 34 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 34 contains any factual allegations, Defendant denies each and every such factual allegation.

35. Denied. The allegations contained in Paragraph 35 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 35 contains any factual allegations, Defendant denies each and every such factual allegation.

{00802556;v1 }

36. Denied. The allegations contained in Paragraph 36 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 36 contains any factual allegations, Defendant denies each and every such factual allegation.

## COUNT I
## COPYRIGHT INFRINGEMENT OF COPYRIGHT WORK I

37. Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

38. Denied as stated. It is admitted only that Plaintiff appears to be the owner of the Copyright rights described in Paragraph 38, and that Exhibit E appears to be a true and correct copy of a Certificate of Registration, but Defendant lacks knowledge about the current ownership status and/or assignment of these rights and therefore denies the remainder of the allegations of Paragraph 38.

39. Denied. The allegations contained in Paragraph 39 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 39 contains any factual allegations, Defendant denies each and every such factual allegation. Defendant further denies the Copyrighted Work I is sufficiently original to qualify as statutory subject matter.

40. Denied.

41. Denied.

42. Denied.

43. Denied. The allegations contained in Paragraph 43 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 43 contains any factual allegations, Defendant denies each and every such factual allegation.

44. Denied as stated. Admitted only that the image shown in Exhibit F appears to be a copy of a portion of Defendant's product catalog. The remaining allegations of Paragraph 44 are denied.

45. Denied. The allegations contained in Paragraph 45 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 45 contains any factual allegations, Defendant denies each and every such factual allegation.

46. Denied. The allegations contained in Paragraph 46 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 46 contains any factual allegations, Defendant denies each and every such factual allegation.

47. Denied. The allegations contained in Paragraph 47 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 47 contains any factual allegations, Defendant denies each and every such factual allegation.

48. The allegations contained in Paragraph 48 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 48 contains any factual allegations, Defendant denies each and every such factual allegation.

49. Denied. The allegations contained in Paragraph 49 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 49 contains any factual allegations, Defendant denies each and every such factual allegation.

50. Denied. The allegations contained in Paragraph 50 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 50 contains any factual allegations, Defendant denies each and every such factual allegation.

51.-52. Denied. The allegations contained in Paragraphs 51 and 52 were voluntarily withdrawn by Stipulation of the Parties and Order of this Court dated January 28, 2014 (ECF No.

21). Accordingly, no responsive pleading to Paragraphs 51 or 52 of Plaintiff's Second Amended Complaint is required.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant's use of images on its website does not infringe any of Plaintiff's intellectual property rights; and (3) award Defendant all damages and costs allowed under 17 U.S.C. § 501 et seq. or under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## COUNT II
## COPYRIGHT INFRINGEMENT OF COPYRIGHTED WORK II

53. Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

54. Denied as stated. It is admitted only that Plaintiff appears to be the owner of the Copyright rights described in Paragraph 54, and that Exhibit G appears to be a true and correct copy of a Certificate of Registration, but Defendant lacks knowledge about the current ownership status and/or assignment of these rights and therefore denies the remainder of the allegations of Paragraph 54.

55. Denied. The allegations contained in Paragraph 55 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 55 contains any factual allegations, Defendant denies each and every such factual allegation. Defendant further denies the Copyrighted Work II is sufficiently original to qualify as statutory subject matter.

56. Denied.

57. Denied.

58. Denied.

59. Denied. The allegations contained in Paragraph 59 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 59 contains any factual allegations, Defendant denies each and every such factual allegation.

60. Denied. The allegations contained in Paragraph 60 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 60 contains any factual allegations, Defendant denies each and every such factual allegation.

61. Denied. The allegations contained in Paragraph 61 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 61 contains any factual allegations, Defendant denies each and every such factual allegation.

62. Denied. The allegations contained in Paragraph 62 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 62 contains any factual allegations, Defendant denies each and every such factual allegation.

63. Denied. The allegations contained in Paragraph 63 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 63 contains any factual allegations, Defendant denies each and every such factual allegation.

64. Denied. The allegations contained in Paragraph 64 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 64 contains any factual allegations, Defendant denies each and every such factual allegation.

65. Denied. The allegations contained in Paragraph 65 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 65 contains any factual allegations, Defendant denies each and every such factual allegation.

{00802556;v1 }

66.-67. Denied. The allegations contained in Paragraphs 66 and 67 were dismissed by this Court's Order and accompanying Memorandum of Law dated August 13, 2015 (ECF Nos. 23, 24). Accordingly, no responsive pleading to Paragraphs 66 or 67 of Plaintiff's Second Amended Complaint is required.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant's use of images on its website does not infringe any of Plaintiff's intellectual property rights; and (3) award Defendant all damages and costs allowed under 17 U.S.C. § 501 et seq. or under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## COUNT III
## COPYRIGHT INFRINGEMENT OF COPYRIGHTED WORK III

68. Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

69. Denied as stated. It is admitted only that Plaintiff appears to be the owner of the Copyright rights described in Paragraph 69, and that Exhibit H appears to be a true and correct copy of a Certificate of Registration, but Defendant lacks knowledge about the current ownership status and/or assignment of these rights and therefore denies the remainder of the allegations of Paragraph 69.

70. Denied. The allegations contained in Paragraph 70 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 70 contains any factual allegations, Defendant denies each and every such factual allegation. Defendant further denies the Copyrighted Work III is sufficiently original to qualify as statutory subject matter.

71. Denied.

72. Denied.

73. Denied.

74. Denied. The allegations contained in Paragraph 74 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 74 contains any factual allegations, Defendant denies each and every such factual allegation.

75. Denied. The allegations contained in Paragraph 75 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 75 contains any factual allegations, Defendant denies each and every such factual allegation.

76. Denied. The allegations contained in Paragraph 76 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 76 contains any factual allegations, Defendant denies each and every such factual allegation.

77. Denied. The allegations contained in Paragraph 76 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 76 contains any factual allegations, Defendant denies each and every such factual allegation.

78. Denied. The allegations contained in Paragraph 78 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 78 contains any factual allegations, Defendant denies each and every such factual allegation.

79. Denied. The allegations contained in Paragraph 79 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 79 contains any factual allegations, Defendant denies each and every such factual allegation.

{00802556;v1 }

80. Denied. The allegations contained in Paragraph 80 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 80 contains any factual allegations, Defendant denies each and every such factual allegation.

81.-82. Denied. The allegations contained in Paragraphs 81 and 82 have been withdrawn by Stipulation of the Parties and Order of this Court dated January 28, 2014 (ECF No. 21). Accordingly, no responsive pleading to Paragraphs 81 or 82 of Plaintiff's Second Amended Complaint is required.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant's use of images on its website does not infringe any of Defendant's intellectual property rights; and (3) award Defendant all damages and costs allowed under 17 U.S.C. § 501 et seq. or under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## COUNT IV
## UNFAIR COMPETITION UNDER THE LANHAM ACT

83.-84. Denied. The allegations contained in Paragraphs 83 and 84 were dismissed by this Court's Order and accompanying Memorandum of Law dated August 13, 2015 (ECF Nos. 23, 24). Accordingly, no responsive pleading to Paragraphs 83 or 84 of Plaintiff's Second Amended Complaint is required.

{00802556;v1 }

## COUNT V
## FALSE ADVERTISING AND UNFAIR COMPETITION
## UNDER THE LANHAM ACT

85.     Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

86.     Denied. The allegations contained in Paragraph 86 are conclusions of law, to which no responsive pleading is required. To the extent that Paragraph 86 contains any factual allegations, Defendant denies each and every such factual allegation.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant's advertisements relating to the Barricade Soft Top products neither constitute false advertising nor cause any damage to Plaintiff; and (3) award Defendant all damages and costs allowed under 15 U.S.C. § 1051 et seq. or under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION
## BY MISAPPROPRIATION

87.-88. Denied. The allegations contained in Paragraphs 87 and 88 were dismissed by this Court's Order and accompanying Memorandum of Law dated August 13, 2015 (ECF Nos. 23, 24). Accordingly, no responsive pleading to Paragraphs 87 or 88 of Plaintiff's Second Amended Complaint is required.

{00802556;v1 }

## COUNT VII
## COMMON LAW FRAUD

89. Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

90. Denied.

91. Denied.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant's conduct of an audit of its digital library was undertaken in good faith and does not constitute fraud; and (3) award Defendant all damages and costs allowed under 15 U.S.C. § 1051 et seq. or under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## COUNT VIII
## VIOLATIONS OF THE
## PENNSYLVANIA DECEPTIVE TRADE PRACTICES ACT

92.-94. Denied. The allegations contained in Paragraphs 92, 93 and 94 were voluntarily withdrawn by Stipulation of the Parties and Order of this Court dated January 28, 2014 (ECF No. 21). Accordingly, no responsive pleading to Paragraphs 92, 93 or 94 of Plaintiff's Second Amended Complaint is required.

## COUNT IX
## UNJUST ENRICHMENT

95. Defendant hereby incorporates all previously stated admissions and denials as addressed to each specific allegation of the Second Amended Complaint, as indicated above.

96. Denied.

WHEREFORE, Defendant Turn 5, Inc. demands this Court: (1) enter judgment in its favor and against Plaintiff; (2) declare that Defendant was in no way unjustly enriched by using images provided to it by the product manufacturers and/or authorized distributors; and (3) award Defendant all damages and costs allowed under applicable state law, including but not limited to Defendant's attorney's fees and costs incurred during the course of defending against Plaintiff's claims, and any other relief this Court deems just and fair.

## JURY DEMAND

Denied. This paragraph request a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

As and for separate defenses, Defendant alleges as follows:

1. Plaintiff's claims are barred in whole or in part because the Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part because the works identified in Counts I through III of the Second Amended Complaint lack sufficient originality to qualify as statutory subject matter pursuant 17 U.S.C. § 101, and thus there can be no infringement as a matter of law.

3. Plaintiff's claims are barred in whole or in part because the works asserted to have been infringed comprise merely functional elements and are not copyrightable.

4. Plaintiff's claims are barred in whole or in part because the alleged infringement by Defendant constitutes *de minimis* use and is therefore non-infringing.

5. Plaintiff's claims are barred in whole or in part because the images that appear on Defendant's website were provided to, and received by, Defendant under color of authority and Defendant reasonably relied on representations of others in believing its conduct was authorized.

6. Plaintiff's claims are barred in whole or in part because Defendant at all times acted in the good faith belief that all such uses were appropriately authorized and that they did not infringe the rights of others.

7. Plaintiff's claims are barred in whole or in part because none of the images at issue bears a copyright notice or other digital rights management information, thus preventing Defendant from being on inquiry notice that Plaintiff may have a claim. Defendant had no reason to believe that its use of these images infringed any rights of others, had no reason to inquire with Plaintiff about the copyright status of these images and reasonably relied on the omission of a copyright notice and/or digital rights management information to believe that the images were either in the public domain or their use was otherwise permitted.

8. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

9. Plaintiff's claims are barred in whole or in part because Plaintiff has brought this action in bad faith.

10. Plaintiff's claims are barred in whole or in part because Plaintiff is estopped by its own actions and course of conduct from pursuing its claims, and each purported cause of action contained in Plaintiff's Second Amended Complaint.

11. Plaintiff's claims are barred in whole or in part because Plaintiff's own actions and course of conduct constitutes a waiver of its claims and of each purported cause of action contained in Plaintiff's Second Amended Complaint.

12. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

13. Plaintiff's claims are barred in whole or in part as frivolous, unreasonable, groundless, intended only to harass and annoy Defendant and to interfere with the lawful conduct of Defendant's business. Accordingly, Defendant is entitled to recover its attorney's fees and costs of defending this action, whether under state or federal law.

14. Defendant committed no act or omission which was a proximate cause of Plaintiff's alleged damages, if any exist.

15. Plaintiff is not entitled to an injunction, preliminary or permanent, under 17 U.S.C. § 502 because it cannot demonstrate any risk of immediate and irreparable harm that would occur unless an injunction were to be issued.

16. Plaintiff is not entitled to seizure or impounding under 17 U.S.C. § 503.

17. Plaintiff is not entitled to any damages pursuant to 17 U.S.C. § 504(b).

18. Plaintiff is not entitled to recover pre-judgment or post-judgment interest.

19. Plaintiff is not entitled to statutory damages or to a recovery of its attorney's fees for any part of this action, for the reasons set forth in this Court's Order and accompanying Memorandum of Law dated August 13, 2015 (ECF Nos. 23, 24).

SEMANOFF ORMSBY
GREENBERG & TORCHIA, LLC

*/s/ Christina D. Frangiosa*
MICHAEL J. TORCHIA, ESQUIRE
Attorney I.D. No. 62215
CHRISTINA D. FRANGIOSA, ESQUIRE
Attorney I.D. No. 80249
2617 Huntingdon Pike
Huntingdon Valley, PA 19006
Telephone:   (215) 887-0200
Email: mtorchia@sogtlaw.com
Email: cfrangiosa@sogtlaw.com

{00802556;v1 }

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, the foregoing document was filed electronically with the Clerk of Court and is available for viewing and downloading from the ECF system. Electronic service of the Notice of Electronic Case Filing was made on all parties of record, specifically:

>Benjamin E. Leace
>Ratner Prestia
>1235 Westlakes Dr., Suite 301
>Berwyn, PA 19312
>Tel: 610-407-0700
>Fax: 610-407-0701
>Email: beleace@ratnerprestia.com

>Rex A. Donnelly
>Ratner Prestia
>1007 Orange St., Suite 205
>Wilmington, DE 19801
>Tel: 302-778-2500
>Email: radonnelly@ratnerprestia.com

>_/s/ Christina D. Frangiosa_
>CHRISTINA D. FRANGIOSA, ESQUIRE

Date: August 27, 2015